## STATUS OF AN ADDITIONAL ASSESSMENT TO COMPLETE A STREET IMPROVEMENT.

Circuit Court of Cuyahoga County.

Anna M. Stuart v. The Village of Lakewood et al.

Decided, December 30, 1912.

*Statutes—When in Effect—Special Assessments—Additional Assessment Governed by Same Law as Original Assessment.*

1. Where an act providing a new form of government for municipalities provided that, for the purpose of carrying into effect the powers and duties conferred and imposed upon present councils, the act should take effect at a certain date and for all other purposes, including the repeal of existing laws, at a later date, the powers and duties referred to are new powers and duties conferred and imposed by the act and not new methods or a different manner of exercising powers and duties previously conferred: hence a special assessment levied after the first mentioned date and before the last mentioned date, will be enjoined to the extent that it exceeds the limit allowed for such assessments by the pre-existing laws.

2. An additional·assessment, levied under Section 2300, Revised Stat-
   utes, to complete an improvement for which the original assess-
   ment proved insufficient, is an incident of the original assess-
   ment and governed by the law in force when the improvement
   proceedings were begun.

*Thompson, Hine & Flory*, for plaintiff in error.
*T. J. Ross* and *J. A. Cline*, contra.

WINCH, J.; MARVIN, J., and MEALS, J., concur.

This action was brought to enjoin the collection of certain
special assessments levied upon the premises of plaintiff, located
in the village, now city of Lakewood, and was tried upon an
agreed statement of facts.

Plaintiff's petition contains five causes of action and the trial
court found against the plaintiff upon all of them.

This court is requested to review the decision of the trial
court only with respect to the fourth and fifth causes of action.

The fourth cause of action is upon an assessment levied to
pay for an improvement provided for under an ordinance
adopted December 29, 1902, the assessment ordinances proper
not being adopted until July 6 and August 16, 1903.

The situation is complicated by the adoption of the municipal
code on October 22, 1902. If the act of 1902 applies, the as-
sessment complained of in the fourth cause of action is illegal,
because it violated Section 53 of that act, which provides that in
no case shall there be levied upon any lot or parcel of land in
the corporation any assessment or assessments for any or all
purposes within a period of five years exceeding 33 per cent.
of the *tax value* thereof.

If the act of 1902 does not apply, then part of this assessment
is illegal, because it exceeds, by $175.49, twenty-five per cent. of
the *actual value* of the premises, as provided by Section 2264a
of Bates' Revised Statutes, 1902, which was in force until the
act of 1902 took effect. *Toledo* v. *Marlow*, 28 C. C., 298; af-
firmed without report, 75 O. S., 574.

Part of the act of 1902 took effect November 15, 1902, and the
remainder did not take effect until the first Monday in May,

1903. The proceedings here involved were commenced between the said dates on December 29, 1902.

Section 231 of the act of 1902 provides:

"For the purpose of carrying into effect the powers and *duties* conferred and *imposed* upon present councils, boards of legislation, or other legislative bodies, by the provisions of this act, and for the purpose of conducting the first election to be held in every municipality hereunder, and of preparing for the change in the organization of municipalities herein provided for, this act shall take effect from and after the fifteenth day of November, 1902; and for all other purposes this act, and every portion of the same, including the repeal of existing laws, shall take effect on the first Monday in May, 1903, and the following sections of the Revised Statutes of Ohio are hereby repealed."

The "powers and duties conferred and imposed upon present councils, boards of legislation, or other legislative bodies, by the provisions of this act," must refer to *new* powers and duties conferred and imposed by the act (and there were many such) and not to a different manner or method of exercising powers and duties.

The power to levy special assessments and the duty to levy them, when necessary, was conferred and imposed upon city councils many years before the act of 1902 was adopted; Section 53 of the act merely placed a different limitation upon the amount of such levies than had previously been the rule under Section 2264a of the Revised Statutes. That section was one of the "existing laws," mentioned in said Section 231, the repeal of which should not take effect until the first Monday in May, 1903. It was therefore in effect on December 29, 1902, when these improvement proceedings were begun and under it the assessment complained of in the fourth cause of action is excessive to the extent only of $175.49, and the collection of that amount should be enjoined.

We do not understand that it is claimed that plaintiff signed any petition for this improvement which would bar her right to this relief.

The assessment complained of in the fifth cause of action is one levied after 1902, to make up a deficiency in an assessment levied to pay for improvements made before 1902.

The municipality claims the right to make this assessment un-
der Section 2300 of the Revised Statutes, which was specifically
retained in full force and effect by Section 94 of the act of 1902.
Said Section 2300 reads as follows:

"If an assessment proves insufficient to pay for the improve-
ment and expenses incident thereto, the council may, under the
limitations prescribed for such assessments, make an additional
*pro rata* assessment to supply such deficiency; and in case a
larger amount is collected than is necessary, the same shall be
returned to the person from whom it is collected in proportion
to the amounts collected from such persons respectively; but
this section shall be subject to the limitations contained in other
sections of this chapter."

The original assessment being governed by the limitations of
the law in force before 1902, and the improvement proceedings
having been begun before that year, the right to collect an ad-
ditional assessment for the *same improvement* must be governed
by the law in force when the improvement proceedings were be-
gun.    The additional assessment is an incident only of the
original proceeding.

The argument that the theory of construing all assessments
by the law in force when the proceedings for improvement were
begun works out a hardship when the additional assessment is
made, perhaps several years after change in ownership has oc-
curred, has no force in this case, for no such change in owner-
ship has occurred, and, we apprehend, a person buying property
on a street with improvements is bound to know the law and
can inquire at the proper place for information as to whether
all improvements on the street have been paid for in full.

There was no illegality in the assessment complained of in
the fifth cause of action.

For the reasons stated, the judgment of the common pleas
court is modified so as to enjoin the collection of $175.49 of the
assessment mentioned in the fourth cause of action, and in all
other respects the judgment of the common pleas court is af-
firmed.